UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD ROBINSON,

        Petitioner,

v.    CASE NO. 95-CV-71733–DT
    HONORABLE JOHN CORBETT O'MEARA
CLARICE STOVALL,    UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT [DKT. # 54] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

### I. Introduction

Before the Court is petitioner's *pro se* motion for relief from judgment, in which he again seeks to challenge his 1987 convictions for second-degree murder and armed robbery. Petitioner essentially seeks to reopen his habeas petition to re-litigate his two Confrontation Clause claims. For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court further orders that the motion for relief from judgment be transferred to the Court of Appeals pursuant to 28 U.S.C. .§ 2244(b)(3)(A).

### II. Background

Petitioner filed a habeas petition challenging his 1987 convictions for second-

degree murder and armed robbery. The petition was denied on the merits. *Robinson v. Stovall*, U.S.D.C. 95-71733-DT (E.D. Mich. Jan. 16, 1997)(Adopting Report and Recommendation of Magistrate Judge).

The Sixth Circuit later denied petitioner permission to file a successive petition for writ of habeas corpus. *In Robinson,* No. 04-1001 (6th Cir. Aug. 20, 2004).

Petitioner has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Petitioner primarily argues that this Court erred in denying him relief on his first Confrontation Clause claim involving the admission of his co-defendants' out-of-court statements into evidence. Petitioner argues that the admission of this evidence violated the Supreme Court's decision in *Crawford v.Washington,* 541 U.S. 36 (2004), which he argues should be made retroactive to his case. Petitioner also claims that he is entitled to relief from judgment because he was forced to withdraw his second Confrontation Clause claim from consideration after respondent noted that petitioner's second claim was unexhausted. Petitioner argues that he has now exhausted this claim and seeks to reopen his petition for the purpose of adjudicating this claim.

## III. Discussion

Petitioner essentially seeks to reopen his case and reinstate his original habeas petition. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motion.

Petitioner has previously filed a habeas petition challenging his 1987 convictions for second-degree murder and armed robbery.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

3

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b). A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).

Petitioner's motion for relief from judgment is an attempt to file a second or successive habeas petition because the motion seeks to re-litigate claims that he previously raised in his prior habeas petition. *See In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005). The mere fact that petitioner withdrew his second Confrontation Clause claim from consideration because it had yet to be exhausted does not prevent the current petition from qualifying as a second or successive petition within the meaning of § 2244(b)(3)(A), because this Court denied petitioner's remaining claims raised in the first petition on the merits. *See Turner v. Artuz,* 262 F. 3d 118, 122-23 (2nd Cir. 2001).

Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and

28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### IV. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer the "Motion For Relief From Judgment" [Dkt. # 54] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/John Corbett O'Meara
United States District Judge

Date: March 24, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 24, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager